## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THEATRICE COATS,** | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | |
| **SURGICAL CARE AFFILIATES, LLC** | : | |
| | : | |
| Defendant. | : | MARCH 8, 2016 |
| | : | |

### NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Surgical Care Affiliates, LLC ("SCA") by and through its counsel, hereby removes the above-captioned case presently pending in the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut, to the United States District Court for the District of Connecticut.

Removal is authorized by 28 U.S.C. § 1441 and is based on the United States District Court's original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because of the existence of diversity of citizenship and satisfaction of the jurisdictional threshold for the amount in controversy. In support of this Notice of Removal, Defendant states:

1.   Plaintiff Theatrice Coats commenced this action against Norwalk Surgery Center in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport by service of the Summons and Complaint on or about February 10, 2016. A copy of the Summons and Complaint is attached hereto as Exhibit A.

2.   Counsel for SCA advised Plaintiff's counsel that Plaintiff was employed by SCA, not Norwalk Surgery Center, and that SCA had not been properly served with the Summons and

Complaint.

3.  Plaintiff amended the Complaint to name SCA as Defendant on March 7, 2016. A copy of the Amended Complaint is attached as Exhibit B.

4.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the matter in controversy exceeds, upon information and belief, the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.  The Summons and Amended Complaint indicate that Plaintiff is an individual citizen of the State of Connecticut.

6.  Before, at, and after the time that Plaintiff commenced her state court action, SCA was and is incorporated in the State of Alabama and with a principal place of business in Birmingham, Alabama.  The Amended Complaint acknowledges that SCA is incorporated in Alabama.

7.  This action is properly removed to this Court because the United States District Court for the District of Connecticut embraces the place where the state court action was filed (Bridgeport, Connecticut).

8.  This Notice of Removal is timely filed within thirty (30) days of Defendant's receipt of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

9.  Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal dated March 8, 2016 will be filed with the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut, and served on counsel for plaintiff.

10.  A Civil Cover Sheet and filing fee of $400.00 are enclosed with this Notice of Removal.

11.  By filing this Notice of Removal, Defendant does not waive any defenses

available to it at law, in equity or otherwise, or concede that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, defendant SCA respectfully requests that the above-captioned matter now pending in the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut be removed to this Court.

THE DEFENDANT

SURGICAL CARE AFFILIATES, LLC

*/s/ Sharon B. Bowler*
Jason R. Stanevich (CT28125)
Sharon B. Bowler (CT11699)
LITTLER MENDELSON, P.C.
265 Church Street, Suite 300
New Haven, CT 06510
Telephone: 203.974.8700
Facsimile: 203-974-8799
jstanevich@littler.com
sbowler@littler.com

# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1  Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259,  P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1061 Main Street, Bridgeport 06604 | ( 203 )579-6527 | March      1  , 2016  *Month  Day  Year* |

| ☒ Judicial District | ☐ G.A. Number: | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* Bridgeport | Case type code *(See list on page 2)* Major: **T**    Minor: **90** |
|---|---|---|---|
| ☐ Housing Session | | | |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| LAW OFFICE OF MICHELLE N. HOLMES, 67 HOLMES AVE, WATERBURY, CT 06710 | 416347 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 596-1091 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* MHOLMES@MHOLMESLAW.COM |
|---|---|---|

| Number of Plaintiffs:  1 | Number of Defendants:  1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:  **COATS, THEATRICE** Address: **510 EAST MAIN STREET, UNIT 116, STRATFORD, CT 06614** | P-01 |
| Additional Plaintiff | Name: Address: | P-02 |
| First Defendant | Name:  **NORWALK SURGERY CENTER: Agent for Service- DANIEL J. DEBARBA, JR** Address: **34 Maple Street, Norwalk, CT 06850** | D-01 |
| Additional Defendant | Name: Address: | D-02 |
| Additional Defendant | Name: Address: | D-03 |
| Additional Defendant | Name: Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left **MICHELLE N. HOLMES** | Date signed **02/05/2016** |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.  b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.  c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.  d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE: MARCH 1, 2016    :  SUPERIOR COURT
               :
THEATRICE COATS      :  J.D. OF FAIRFIELD
               :  AT FAIRFIELD
VS.              :
               :
NORWALK SURGERY CENTER   :  FEBRUARY 5, 2016

## COMPLAINT

## COUNT ONE:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

  1. The plaintiff Theatrice Coats resides in Stratford, Connecticut.

  2. The defendant, Norwalk Surgery Center (hereinafter Norwalk Surgery) is a healthcare business incorporated in Norwalk, Connecticut, doing business in Connecticut.

  3. At all times relevant to this complaint the Plaintiff was an employee of, or was terminated from Norwalk Surgery.

  4. The plaintiff is a Certified Sterilization Technician with approximately 20 years of experience.

  5. Plaintiff began her employment with defendant in 2011. During the course of her employment she performed commendably having never been disciplined. However, on December 5, 2014, the plaintiff was abruptly terminated from her employment.

1

6. In the weeks prior to plaintiff's termination, the defendant was in the process of implementing "Endoscopy Procedures" as a new service for its clients.

7. The plaintiff is uniquely qualified as to how Endoscopes work. In prior employment she implemented an Endoscopy program and trained the entire Sterile Processing Department on all reprocessing aspects of Endoscopy.

8. While defendant was implementing the Endoscopy program and prior to her termination, plaintiff as the only one with experience, noted that certain safety measures for both staff and patients were not being implemented. These discussions took place approximately September of 2014 up until she was terminated on December 5, 2014.

9. Plaintiff informed defendant that there needed to be proper air exchanges and ventilation in the Decontamination area. The safety measures were particularly necessary because defendant was using refurbished equipment.

10. On November 25, 2015 plaintiff's supervisor, Administrative Director, David Shipley was informed by Alan Ready, another employee of defendant, that the cost to implement the decontamination room ventilation set up and validation was to be $3,000 (three thousand) dollars. Mr. Ready indicated that it was a minimal investment and that it would speak volumes to the employees reflecting the defendant's level of concern for their health.

2

11. In response, David Shipley, stated that it would really only address one employee. The response is clearly directed at the plaintiff. Furthermore Mr. Ready and Mr. Shipley referred to the plaintiff as "SPD Oger" and "douchebaggery".

12. On December 5, 2014, the plaintiff's Administrative Director, David Shipley, approached the plaintiff and told her to pre-clean and process the endoscopes in the endoscope reprocessing machine. Plaintiff informed Mr. Shipley that this equipment had not been validated and the chemical Cidex/OPA that would be used to reprocess the endoscopes and other items required a Ventilation Hood and a minimum of 10 to 12 air exchanges per hour. They also discussed the fact that mandatory protocols were needed in order to bring the Gastro Intestinal service up to proper standard.

13. If anyone is exposed to these vapors they can cause irritation of the upper respiratory tract (nose and throat) and lungs. Also may cause asthma-like symptoms.

14. Plaintiff informed Mr. Shipley that if someone came in on Saturday to verify and validate the air exchanges, she would certainly come in and do the work. However, Mr. Shipley still insisted that plaintiff reprocess the endoscopes immediately.

15. Plaintiff again attempted to explain the dangers of this work without following the manufacturing guideline of having proper air ventilation or a exhaust hood in place. This also violated AAMI (Association for the Advancement of Medical Instrumentation).

3

16. Despite the foregoing, including the hazard to the health of employees and the public at large, defendant by and through its agent Mr. Shipley told the plaintiff she was fired and to leave the building immediately.

17. The defendant's actions have caused the plaintiff to suffer from severe emotional distress.

18. The defendant's actions in this case were extreme and outrageous thereby causing plaintiff to suffer from severe emotional distress.

19. The defendant's actions in this case were intentional and designed to cause the plaintiff to suffer from emotional distress.

20. The defendant's knew or should have known that said actions would cause the plaintiff to suffer from emotional distress.

## COUNT TWO:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs One through Sixteen of Count One are hereby incorporated and made fully paragraphs One through Sixteen of Count Two.

17. The defendants knew or should have known that its conduct would cause the plaintiff to suffer from emotional distress.

18. The defendant's conduct did in fact cause the plaintiff to suffer from emotional distress.

4

## COUNT THREE:  VIOLATION OF CONN. GEN. STATS. SECTION 31-51Q

Paragraphs One through Sixteen of Count One are hereby incorporated and made fully paragraphs One through Sixteen of Count Two.

17.  The plaintiff's complaints to her supervisor constitute speech as that term is defined by statute.

18.  The plaintiff's complaints to her supervisor constitute a matter of public concern.

19.  The plaintiff's complaints to her supervisor did not substantially or materially interfere with her bona fide job performance or the working relationship between her and the employer.

20.  Plaintiff's termination from employment is an adverse employment action.

**WHEREFORE**, as to all Counts the plaintiff makes the following prayers for relief:

a.  Compensatory damages;
b.  Punitive damages as allowed by the laws of the State of Connecticut including reasonable attorney's fees and costs;
c.  Damages for emotional distress;
d.  Interest; and
e.  Any other relief which the Court deems just.

PLAINTIFF,

BY: _____
Michelle N. Holmes
Law Office of Michelle N. Holmes

5

RETURN DATE: MARCH 1, 2016      :      SUPERIOR COURT

     :

THEATRICE COATES      :      J.D. OF FAIRFIELD

     :      AT FAIRFIELD

VS.      :

     :

NORWALK SURGERY CENTER      :      FEBRUARY 5, 2016

## DEMAND FOR RELIEF

As to each Count of Plaintiff's complaint the demand for relief exceeds

Fifteen Thousand ($15,000.00) dollars.

PLAINTIFF,

BY: _____

Michelle N. Holmes
Law Office of Michelle N. Holmes
67 Holmes Avenue
Waterbury, CT  06702
203-596-1091
203-596-1093(fax)

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, a copy of the foregoing was sent via United

States, first class mail, postage prepaid, to all counsel of record as follows:

Michelle N. Holmes
Law Office of Michelle N. Holmes
67 Holmes Avenue
Waterbury, CT  06710


/s/ Sharon B. Bowler
Sharon B. Bowler

4.

# EXHIBIT B

| | | |
|---|---|---|
| **FBT-CV-16-6055200** | : | **SUPERIOR COURT** |
| | : | |
| **THEATRICE COATS** | : | **J.D. OF BRIDGEPORT** |
| | : | **AT BRIDGEPORT** |
| **VS.** | : | |
| | | |
| **SURGICAL CARE AFFILIATES LLC** | : | **MARCH 7, 2016** |

<u>**AMENDED COMPLAINT**</u>

<u>**COUNT ONE:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

     1. The plaintiff Theatrice Coats resides in Stratford, Connecticut.

     2.  The defendant, Surgical Care Affiliates LLC, is a healthcare business incorporated in Birmingham, Alabama, doing business in Connecticut.

     3.  At all times relevant to this complaint the Plaintiff was an employee of, or was terminated from Surgical Care Affiliates LLC.

     4.  The plaintiff is a Certified Sterilization Technician with approximately 20 years of experience.

     5.  Plaintiff began her employment with defendant in 2011.   During the course of her employment she performed commendably having never been disciplined. However, on December 5, 2014, the plaintiff was abruptly terminated from her employment

6. In the weeks prior to plaintiff's termination, the defendant was in the process of implementing "Endoscopy Procedures" as a new service for its clients.

7. The plaintiff is uniquely qualified as to how Endoscopes work. In prior employment she implemented an Endoscopy program and trained the entire Sterile Processing Department on all reprocessing aspects of Endoscopy.

8. While defendant was implementing the Endoscopy program and prior to her termination, plaintiff as the only one with experience, noted that certain safety measures for both staff and patients were not being implemented. These discussions took place approximately September of 2014 up until she was terminated on December 5, 2014.

9. Plaintiff informed defendant that there needed to be proper air exchanges and ventilation in the Decontamination area. The safety measures were particularly necessary because defendant was using refurbished equipment.

10. On November 25, 2015 plaintiff's supervisor, Administrative Director, David Shipley was informed by Alan Ready, another employee of defendant, that the cost to implement the decontamination room ventilation set up and validation was to be $3,000 (three thousand) dollars. Mr. Ready indicated that it was a minimal investment and that it would speak volumes to the employees reflecting the defendant's level of concern for their health.

2

11.  In response, David Shipley, stated that it would really only address one employee. The response is clearly directed at the plaintiff. Furthermore Mr. Ready and Mr. Shipley referred to the plaintiff as "SPD Oger" and "douchebaggery".

12.  On December 5, 2014, the plaintiff's Administrative Director, David Shipley, approached the plaintiff and told her to pre-clean and process the endoscopes in the endoscope reprocessing machine. Plaintiff informed Mr. Shipley that this equipment had not been validated and the chemical Cidex/OPA that would be used to reprocess the endoscopes and other items required a Ventilation Hood and a minimum of 10 to 12 air exchanges per hour. They also discussed the fact that mandatory protocols were needed in order to bring the Gastro Intestinal service up to proper standard.

13.  If anyone is exposed to these vapors they can cause irritation of the upper respiratory tract (nose and throat) and lungs. Also may cause asthma-like symptoms.

14.  Plaintiff informed Mr. Shipley that if someone came in on Saturday to verify and validate the air exchanges, she would certainly come in and do the work. However, Mr. Shipley still insisted that plaintiff reprocess the endoscopes immediately.

15.  Plaintiff again attempted to explain the dangers of this work without following the manufacturing guideline of having proper air ventilation or an exhaust hood in place. This also violated AAMI (Association for the Advancement of Medical Instrumentation).

3

16.  Despite the foregoing, including the hazard to the health of employees and the public at large, defendant by and through its agent Mr. Shipley told the plaintiff she was fired and to leave the building immediately.

17.  The defendant's actions have caused the plaintiff to suffer from severe emotional distress.

18.  The defendant's actions in this case were extreme and outrageous thereby causing plaintiff to suffer from severe emotional distress.

19.  The defendant's actions in this case were intentional and designed to cause the plaintiff to suffer from emotional distress.

20.  The defendant's knew or should have known that said actions would cause the plaintiff to suffer from emotional distress.

## COUNT TWO:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs One through Sixteen of Count One are hereby incorporated and made fully paragraphs One through Sixteen of Count Two.

17.  The defendants knew or should have known that its conduct would cause the plaintiff to suffer from emotional distress.

18.  The defendant's conduct did in fact cause the plaintiff to suffer from emotional distress.

4

## COUNT THREE:  VIOLATION OF CONN. GEN. STATS. SECTION 31-51Q

Paragraphs One through Sixteen of Count One are hereby incorporated and made fully paragraphs One through Sixteen of Count Two.

17. The plaintiff's complaints to her supervisor constitute speech as that term is defined by statute.

18. The plaintiff's complaints to her supervisor constitute a matter of public concern.

19. The plaintiff's complaints to her supervisor did not substantially or materially interfere with her bona fide job performance or the working relationship between her and the employer.

20. Plaintiff's termination from employment is an adverse employment action.

**WHEREFORE**, as to all Counts the plaintiff makes the following prayers for relief:

   a. Compensatory damages;
   b. Punitive damages as allowed by the laws of the State of Connecticut including reasonable attorney's fees and costs;
   c. Damages for emotional distress;
   d. Interest; and
   e. Any other relief which the Court deems just.

PLAINTIFF,

BY: _____
Danielle N. Perugini
Law Office of Michelle N. Holmes

5

67 Holmes Avenue
Waterbury, CT  06702
203-596-1091
203-596-1093(fax)

6

| FBT-CV-16-6055200 | : | SUPERIOR COURT |
| | : | |
| THEATRICE COATS | : | J.D. OF BRIDGEPORT |
| | : | AT BRIDGEPORT |
| VS. | : | |
| | | |
| SURGICAL CARE AFFILIATES LLC | : | MARCH 7, 2016 |

## DEMAND FOR RELIEF

As to each Count of Plaintiff's complaint the demand for relief exceeds
Fifteen Thousand ($15,000.00) dollars.

PLAINTIFF,

BY: _____

Danielle N. Perugini
Law Office of Michelle N. Holmes
67 Holmes Avenue
Waterbury, CT  06702
203-596-1091
203-596-1093(fax)

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2016, a copy of the foregoing was sent via United States, first class mail, postage prepaid, to all counsel of record as follows:

Michelle N. Holmes
Law Office of Michelle N. Holmes
67 Holmes Avenue
Waterbury, CT 06710

*/s/ Sharon B. Bowler*
Sharon B. Bowler

4.